| Attorney or Party Name, Address, Telephone & FAX Nos.:, State Bar No. & Email Address<br>April E. Roberts, Esq. ~CA BAR #254020<br>LAW OFFICES OF ALEC HARSHEY<br>901 S. STATE STREET, SUITE 400<br>HEMET, CA 92543<br>(951) 658-2168<br>CA BAR #254020<br>a.e.roberts@verizon.net<br><br>☐ *Individual appearing without attorney*<br>☑ *Attorney for:* Debtors | FOR COURT USE ONLY |
|---|---|

UNITED STATES BANKRUPTCY COURT
CENTRAL DISTRICT OF CALIFORNIA

| List all names (including trade names) used by the debtor within the last 8 years:<br><br>Arthur Leo Gent<br><br>Wanda Sue Gent<br><br><br><br><br>Debtor(s). | CASE NO.:. 6:16-bk-17855-MH<br>CHAPTER 13 |
|---|---|
| | **FIRST AMENDED CHAPTER 13 PLAN** |
| | **CREDITORS MEETING:**<br>Date:     10/06/2016<br>Time:     9:00 A.M.<br>Place:    Rm 101 3801 University Ave., Riverside, CA 92501<br><br>**CONFIRMATION HEARING:**<br>Date:     10/06/2016<br>Time:     12:30 P.M.<br>Place:    3240 Twelfth St., Riverside, CA 92501<br>          Crtrm 303 |

## NOTICE

This Chapter 13 Plan is proposed by the above Debtor. The Debtor attests that the information stated in this Plan is accurate. Creditors cannot vote on this Plan. However, creditors may object to this Plan being confirmed pursuant to 11 U.S.C. § 1324. Any objection must be in writing and must be filed with the court and served upon the Debtor, Debtor's attorney (if any), and the chapter 13 trustee not less than 7 days before the date set for the meeting of creditors. Unless an objection is filed and served, the court may confirm this Plan. The Plan, if confirmed, modifies the rights and duties of the Debtor and creditors to the treatment provided in the Plan as confirmed, with the following IMPORTANT EXCEPTIONS:

Unless otherwise provided by law, each creditor will retain its lien until the earlier of payment of the underlying debt determined under non-bankruptcy law or discharge under 11 U.S.C.§1328. If the case under this chapter is dismissed or converted without completion of the Plan, such lien shall also be retained by such holder to the extent recognized by applicable non-bankruptcy law.

Defaults will be cured using the interest rate set forth below in the Plan. Any ongoing obligation will be paid according to the terms of the Plan.

**HOLDERS OF SECURED CLAIMS AND CLASS 1 CLAIMANTS WILL BE PAID ACCORDING TO THIS PLAN AFTER CONFIRMATION UNLESS THE SECURED CREDITOR OR CLASS 1 CLAIMANT FILES A PROOF OF CLAIM IN A DIFFERENT AMOUNT THAN THAT PROVIDED IN THE PLAN.** If a secured creditor or a class 1 creditor files a proof of claim, that creditor will be paid according to that creditor's proof of claim, unless the court orders otherwise.

**HOLDERS OF ALL OTHER CLAIMS MUST TIMELY FILE PROOFS OF CLAIMS, IF THE CODE SO REQUIRES, OR THEY WILL NOT BE PAID ANY AMOUNT.** A Debtor who confirms a Plan may be eligible thereafter to receive a discharge of debts to the extent specified in 11 U.S.C. § 1328.

The Debtor proposes the following Plan and makes the following declarations:

I. **PROPERTY AND FUTURE EARNINGS OR INCOME SUBJECT TO THE SUPERVISION AND CONTROL OF THE CHAPTER 13 TRUSTEE:**

   The Debtor submits the following to the supervision and control of the chapter 13 trustee:

   A. Payments by Debtor of $260.00 per month for 60 months. This monthly Plan Payment will begin within 30 days of the date the petition was filed.

   B. The base plan amount is $ __15,600.00__ which is estimated to pay __34__ % of the allowed claims of nonpriority unsecured creditors. If that percentage is less than 100%, the Debtor will pay the Plan Payment stated in this Plan for the full term of the Plan or until the base plan amount is paid in full, and the chapter 13 trustee may increase the percentage to be paid to creditors accordingly.

   C. Amounts necessary for the payment of postpetition claims allowed under 11 U.S.C. § 1305.

   D. Preconfirmation adequate protection payments for any creditor who holds an allowed claim secured by personal property where such security interest is attributable to the purchase of such property and preconfirmation payments on leases of personal property whose allowed claim is impaired by the terms proposed in the plan. Preconfirmation adequate protection payments and preconfirmation lease payments will be paid to the chapter 13 trustee for the following creditor(s) in the following amounts:

| Creditor/Lessor Name | Collateral Description | Last 4 Digits of Account # | Amount |
|---|---|---|---|
| -NONE- | | | |

   Each adequate protection payment or preconfirmation lease payment will commence on or before the 30th day from the date of filing of the case. The chapter 13 trustee shall deduct the foregoing adequate protection payment(s) and/or preconfirmation lease payment from the Debtor's Plan Payment and disburse the adequate protection payment or preconfirmation lease payment to the secured(s) creditor(s) at the next available disbursement or as soon as practicable after the payment is received and posted to the chapter 13 trustee's account. The chapter 13 trustee will take his or her statutory fee on all disbursements made for preconfirmation adequate protection payments or preconfirmation lease payments.

   E. Other property: (*specify property or indicate none*)
   **NONE**

*This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.*

*December 2012*     Page 2     F3015-1.01.CHAPTER13.PLAN

II. **ORDER OF PAYMENTS; CLASSIFICATION AND TREATMENT OF CLAIMS:**
Except as otherwise provided in the Plan or by court order, the chapter 13 trustee shall disburse all available funds for the payment of claims as follows:

   A. ORDER OF PAYMENTS:

   1. If there are Domestic Support Obligations, the order of priority shall be:

      (a) Domestic Support Obligations and the chapter 13 trustee's fee not exceeding the amount accrued on payments made to date;

      (b) Administrative expenses (Class 1(a)) in an amount not exceeding _____% of each Plan Payment until paid in full;

   2. If there are no Domestic Support Obligations, the order of priority shall be the chapter 13 trustee's fee not exceeding the amount accrued on payments made to date, and administrative expenses (Class 1(a)) in an amount not exceeding __% of each Plan Payment until paid in full.

   3. Notwithstanding 1 and 2 above, ongoing payments on secured debts that are to be made by the chapter 13 trustee from the Plan Payment; such secured debt may be paid by the chapter 13 trustee commencing with the inception of Plan Payments.

   4. Subject to 1, 2, and 3 above, pro rata to all other claims except as otherwise provided in the Plan.

   5. No payment shall be made on nonpriority unsecured claims until all secured and priority claims have been paid in full.

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

December 2012    Page 3    F3015-1.01.CHAPTER13.PLAN

B. **CLASSIFICATION AND TREATMENT OF CLAIMS:**

| CLASS 1 | | | | | |
|---|---|---|---|---|---|
| **ALLOWED UNSECURED CLAIMS ENTITLED TO PRIORITY UNDER 11 U.S.C. §507** | | | | | |
| The Debtor will pay Class 1 claims in full; except the debtor may provide for less than full payment of Domestic Support Obligations pursuant to 11 U.S.C. §1322(a)(4). | | | | | |
| CATEGORY | AMOUNT OF PRIORITY CLAIM | INTEREST RATE, if any | MONTHLY PAYMENT | NUMBER OF MONTHS | TOTAL PAYMENT |
| a. Administrative Expenses | | | | | |
| (1) Chapter 13 trustee's fee – estimated at 11% of all payments to be made to all classes through this Plan. | | | | | |
| (2) Attorney's Fees | $2,000.00 | | $130.00 | 16 | $2,000.00 |
| (3) Chapter 7 trustee's fees | | | | | |
| (4) Other | | | | | |
| b. Other Priority Claims | | | | | |

| (1) Internal Revenue Service | | | | | |
|---|---|---|---|---|---|
| INTERNAL REVENUE SERVICE | $3,507.00 | 0% | $58.45 | 60 | $3,507.00 |

| (2) Franchise Tax Board | | | | | |
|---|---|---|---|---|---|
| FRANCHISE TAX BOARD | $3,000.00 | 0% | $50.00 | 60 | $3,000.00 |

| (3) Domestic Support Obligation | | | | | |
|---|---|---|---|---|---|

| (4) Other | | | | | |
|---|---|---|---|---|---|
| c. Domestic Support Obligations that are not to be paid in full in the Plan (*specify creditor name*): | | | | | |
| | | | | | |

## CLASS 2

### CLAIMS SECURED SOLELY BY PROPERTY THAT IS THE DEBTOR'S PRINCIPAL RESIDENCE ON WHICH OBLIGATION MATURES <u>AFTER</u> THE FINAL PLAN PAYMENT IS DUE

1. ☐ The postconfirmation monthly mortgage payment will be made by the chapter 13 trustee from the Plan Payment to:

2. ☐ The postconfirmation monthly mortgage payment will be made by the Debtor directly to:

_____          _____
(name of creditor)                               (last 4 digits of account number)

_____          _____
(name of creditor)                               (last 4 digits of account number)

The Debtor will cure all prepetition arrearages for the primary residence through the Plan Payment as set forth below.

| | | Cure of Default | | | | |
|---|---|---|---|---|---|---|
| Name of Creditor | Last 4 Digits of Account Number | AMOUNT OF ARREARAGE | INTEREST RATE | MONTHLY PAYMENT | NUMBER OF MONTHS | TOTAL PAYMENT |
| | | | | | | |
| | | | | | | |

## CLASS 3

### CLAIMS SECURED BY REAL OR PERSONAL PROPERTY WHICH ARE PAID IN FULL DURING THE TERM OF THE PLAN

| Name of Creditor | Last 4 Digits of Account No. | CLAIM TOTAL | SECURED CLAIM AMOUNT | INTEREST RATE | Equal Monthly Payment | NUMBER OF MONTHS | TOTAL PAYMENT |
|---|---|---|---|---|---|---|---|
| | | | | | | | |
| | | | | | | | |

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

December 2012        Page 5        F3015-1.01.CHAPTER13.PLAN

| CLASS 4 |
|---|

**OTHER SECURED CLAIMS ON WHICH THE LAST PAYMENT IS DUE AFTER THE DATE ON WHICH THE FINAL PAYMENT UNDER THE PLAN IS DUE**

1. ☐ The postconfirmation monthly payment pursuant to the promissory note will be made by the chapter 13 trustee from the Plan Payment to:

2. ☑ The postconfirmation monthly payment pursuant to the promissory note will be made by the Debtor directly to:

ALLY FINANCIAL                                                              xxxxxxxx1681
(name of creditor)                                              (last 4 digits of account number)

BANK OF AMERICA HOME LOANS                                                  xxxxx7129
(name of creditor)                                              (last 4 digits of account number)

The Debtor will cure all prepetition arrearages on these claims through the Plan Payment as set forth below.

| | | Cure of Default | | | | |
|---|---|---|---|---|---|---|
| Name of Creditor | Last 4 Digits of Account Number | AMOUNT OF ARREARAGE | INTEREST RATE | MONTHLY PAYMENT | NUMBER OF MONTHS | TOTAL PAYMENT |
| | | | | | | |
| | | | | | | |

| CLASS 5 |
|---|

**NON-PRIORITY UNSECURED CLAIMS**

The Debtor estimates that non-priority unsecured claims total the sum of $16,426.00.

Class 5 claims will be paid as follows:

(Check one box only.)

☑ Class 5 claims (including allowed unsecured amounts from Class 3) are of one class and will be paid pro rata.
OR

☐ Class 5 claims will be divided into subclasses as shown ~~on the attached exhibit~~ *directly below* (which also shows the justification for the differentiation among the subclasses) and the creditors in each subclass will be paid pro rata.

## III. COMPARISON WITH CHAPTER 7

The value as of the effective date of the Plan of property to be distributed under the Plan on account of each allowed claim is not less than the amount that would be paid on such claim if the estate of the Debtor were liquidated under chapter 7 of the Bankruptcy Code on such date. The amount distributed to nonpriority unsecured creditors in chapter 7 would be $ 22,124.85 which is estimated to pay 22.42 % of the scheduled nonpriority unsecured debt.

## IV. PLAN ANALYSIS

| | |
|---|---:|
| CLASS 1a | $1,999.80 |
| CLASS 1b | $6,507.00 |
| CLASS 1c | $0.00 |
| CLASS 2 | $0.00 |
| CLASS 3 | $0.00 |
| CLASS 4 | $0.00 |
| CLASS 5 | $5,547.00 |
| SUB-TOTAL | $14,053.80 |
| CHAPTER 13 TRUSTEE'S FEE (Estimated 11% unless advised otherwise) | $1,546.20 |
| TOTAL PAYMENT | $15,600.00 |

## V. OTHER PROVISIONS

A. The Debtor rejects the following executory contracts and unexpired leases.
   **Name of Other Party:**          **Description of contract/lease:**
   -NONE-

B. The Debtor assumes the executory contracts or unexpired leases set forth in this section. As to each contract or lease assumed, any defaults therein and Debtor's proposal for cure of said default(s) is described in Class 4 of this Plan. The Debtor has a leasehold interest in personal property and will make all post-petition payments directly to the lessor(s):
   **Name of Other Party:**          **Description of contract/lease:**
   Villamar Properties               Residential Lease

C. In addition to the payments specified in Class 2 and Class 4, the Debtor will make regular payments, including any preconfirmation payments, directly to the following:
   **Creditor Name:**                **Monthly Payment:**
   BANK OF AMERICA HOME LOANS        $921.89

   ALLY FINANCIAL/ALLY BANK          $401.85

D. The Debtor hereby surrenders the following personal or real property. (*identify property and creditor to which it is surrendered*):
   **Creditor Name:**                **Description:**
   YAMAHA/CAPITAL ONE                2003 Yamaha Roadster

E. The Debtor shall incur no debt greater than $500.00 without prior court approval unless the debt is incurred in the ordinary course of business pursuant to 11 U.S.C. §1304(b) or for medical emergencies.

F. Miscellaneous provisions: (*use attachment, if necessary*):

G. The chapter 13 trustee is authorized to disburse funds after the date confirmation is announced in open court.

H. The Debtor will pay timely all postconfirmation tax liabilities directly to the appropriate taxing authorities as they come due.

I. The Debtor will pay all amounts required to be paid under a Domestic Support Obligation that first became payable after the date of the filing of the petition.

## VI. REVESTING OF PROPERTY

Property of the estate shall not revest in the Debtor until such time as a discharge is granted or the case is dismissed or closed without discharge. Revestment shall be subject to all liens and encumbrances in existence when the case was filed, except those liens avoided by court order or extinguished by operation of law. In the event the case is converted to a case under chapter 7, 11, or 12 of the Bankruptcy Code, the property of the estate shall vest in accordance with applicable law. After confirmation of the Plan, the chapter 13 trustee shall have no further authority or fiduciary duty regarding use, sale, or refinance of property of the estate except to respond to any motion for proposed use, sale, or refinance as required by the LBRs. Prior to any discharge or dismissal, the Debtor must seek approval of the court to purchase, sell, or refinance real property.

Date:   October 4, 2016

April E. Roberts, Esq. –CA BAR #254020
CA BAR #254020
Attorney for Debtor

Arthur Leo Gent
Debtor

Wanda Sue Gent
Joint Debtor

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:

901 S. State Street, Suite 400, Hemet, California 92543

A true and correct copy of the foregoing document entitled (*specify*): **FIRST AMENDED CHAPTER 13 PLAN** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) 10/04/2016 I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:
Chapter 13 Trustee: Rod Danielson (TR):    notice-efile@rodan13.com
United States Trustee: United States Trustee (RS)    ustpregion16.rs.ecf@usdoj.gov
Debtors' Attorney: April E. Roberts    a.e.roberts@verizon.net

☐ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**:
On (*date*) 10/04/2016 I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

| CHAPTER 13 TRUSTEE<br>Rod Danielson (TR)<br>3787 University Avenue<br>Riverside, CA 92501<br><br>U.S. TRUSTEE<br>United States Trustee (RS)<br>3801 University Avenue, Suite 720<br>Riverside, CA 92501-3200 | JUDGE'S COPY<br>Honorable Mark D. Houle<br>United States Bankruptcy Court<br>Central District of California<br>3420 Twelfth Street, Suite 365<br>Riverside, CA 92501 |
|---|---|

☒ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL (state method for each person or entity served)**: Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) _____, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| 10/06/2016 | April E. Roberts | /s/ signature |
|---|---|---|
| Date | Printed Name | Signature |

---

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012    F 9013-3.1.PROOF.SERVICE

```
Label Matrix for local noticing          Riverside Division                    ALLY FINANCIAL
0973-6                                    3420 Twelfth Street,                 200 RENAISSANCE CTR
Case 6:16-bk-17855-MH                     Riverside, CA 92501-3819             DETROIT, MI 48243-1300
Central District of California
Riverside
Thu Sep  8 15:37:48 PDT 2016

ALLY FINANCIAL                            BANK OF AMERICA                      (p)BANK OF AMERICA
PO BOX 380901                             NC4-105-03-14                        PO BOX 982238
BLOOMINGTON, MN 55438-0901                PO BOX 26012                         EL PASO TX 79998-2238
                                          GREENSBORO, NC 27420-6012


BANK OF AMERICA HOME LOANS                CAP ONE NA                           CITI/ARS NATIONAL SVCS
POB 31785                                 POB 30285                            POB 469100
TAMPA, FL 33631-3785                      SALT LAKE CITY, UT 84130-0285        ESCONDIDO, CA 92046-9100


CITIBANK/BEST BUY                         CITIBANK/BEST BUY                    COMENITY BANK/VICTORIA SECRET
CENTRALIZED BANKRUPTCY                    POB 6241                             PO BOX 18215
PO BOX 790040                             SIOUX FALLS, SD 57117-6241           COLUMBUS, OH 43218
ST LOUIS, MO 63179-0040


COMENITY BANK/VICTORIA SECRET             DENISE WIGGINS                       DEPT OF ED/NELNET
PO BOX 182789                             2165 HAZEL AVE NE                    121 S 13TH ST
COLUMBUS, OH 43218-2789                   SALEM, OR 97301-0912                 LINCOLN, NE 68508-1904


DEPT OF ED/NELNET                         FRANCHISE TAX BOARD                  FRANCHISE TAX BOARD
ATTN CLAIMS                               ATTN   BANKRUPTCY DEPT MS  A-340     POB 942840
PO BOX 82505                              POB 2952                             SACRAMENTO, CA 94240-0001
LINCOLN, NE 68501-2505                    SACRAMENTO, CA 95812-2952


FRANCHISE TAX BOARD                       INTERNAL REVENUE SERVICE             INTERNAL REVENUE SERVICE
POB 942867                                BKY CENTRALIZED INSOLVENCY OP CIO    INSOLVENCY GROUP MAILSTOP 5501
SACRAMENTO, CA 94267-0011                 POB 7346                             24000 AVILA ROAD
                                          PHILADELPHIA, PA 19101-7346          LAGUNA NIGUEL, CA 92677-3407


LOWES/MCM                                 NAVIENT                              NAVIENT
POB 13105                                 ATTN CLAIMS DEPT                     PO BOX 9500
ROANOKE, VA 24031-3105                    PO BOX 9500                          WILKES BARRE, PA 18773-9500
                                          WILKES-BARR, PA 18773-9500


United States Trustee (RS)                YAMAHA/CAPITAL ONE                   April E Roberts
3801 University Avenue, Suite 720         POB 30257                            Law Office of Alec Harshey
Riverside, CA 92501-3255                  SALT LAKE CITY, UT 84130-0257        901 S State St
                                                                               Ste 400
                                                                               Hemet, CA 92543-7127


Arthur Leo Gent                           Rod (MH) Danielson (TR)              Wanda Sue Gent
946 Roxanne Drive                         3787 University Avenue               946 Roxanne Drive
HEMET, CA 92543-4378                      Riverside, CA 92501-3332             HEMET, CA 92543-4378
```

The preferred mailing address (p) above has been substituted for the following entity/entities as so specified by said entity/entities in a Notice of Address filed pursuant to 11 U.S.C. 342(f) and Fed.R.Bank.P. 2002 (g)(4).

BANK OF AMERICA
PO BOX 982238
EL PASO, TX 79998

End of Label Matrix
Mailable recipients  29
Bypassed recipients   0
Total                29

Quantum3 Group LLC as agent for
Comenity Bank
PO Box 788
Kirkland, WA 98083-0788

U.S. Department of Education C/O
Nelnet
121 South 13th Street, Suite 201
Lincoln, NE 68508

Navient Solutions, Inc. on behalf of
Massachusetts Higher Education
Assistanc
d/b/a American Student Assistance
100 Cambridge Street, Suite 1600
Boston, MA 02114

Ally Bank
PO Box 130424
Roseville MN 55113-0004

Capital One, N.A.
PO Box 71083
Charlotte, NC 28272-1083